UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne Lee MARSHALL, Defendant–
Appellant.

No. 01–5147.

United States Court of Appeals,
Tenth Circuit.

Oct. 21, 2002.

Barry L. Derryberry, Research and Writing Specialist (Jack Schisler, Assistant Public Defender, with him on the briefs), Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant–Appellant.

Timothy L. Faerber, Assistant United States Attorney (David E. O'Meilia, United States Attorney, with him on the brief), Northern District of Oklahoma, Tulsa, Oklahoma, for Plaintiff–Appellee.

Before HENRY and McKAY, Circuit Judges, and BROWN,* Senior District Judge.

## ORDER

McKAY, Circuit Judge.

The petition for rehearing is granted by the panel for the limited purpose of clarifying the court's opinion as it relates to *United States v. Soundingsides,* 820 F.2d 1232 (10th Cir.1987). The revised opinion is issued, and except as modified by this revised opinion, the prior decision and result are reaffirmed and the petition for rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R.App. P. 35. Because no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

This criminal appeal arises from an incident that occurred when two police officers in uniform were hiding in some bushes while conducting surveillance for possible drug trafficking activity. Appellant Marshall unknowingly walked toward where the officers were positioned and the officers stepped out of the shadows. Mr. Marshall saw them, turned, and began to run away. The officers yelled, "police, stop," and pursued Mr. Marshall on foot. One officer testified that he observed Mr. Marshall pulling and tugging at his waistband as he fled down the street. The officer also testified that he saw a dark object drop from Mr. Marshall and fall onto the ground. The officers pursued Mr. Marshall until they caught him. Then, the first officer returned to where he saw the object drop and recovered a black revolver.

Mr. Marshall was charged in a single-count indictment as a felon in possession of a firearm. He was found guilty of this count by a jury.

The issues raised on appeal are: 1) whether the district court committed reversible error in admitting into evidence the police officer's incident report without a limiting instruction; 2) whether the district court committed plain error in giving its impeachment instruction; and 3) whether the district court committed plain error in giving its instruction concerning

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

proof that the firearm was knowingly possessed.

■ We first address whether the district court committed error in admitting into evidence the police officer's incident report. Evidentiary rulings are reviewed pursuant to an abuse of discretion standard, considering the whole record and reversing only if there is a firm and definite belief that the trial court made a clear error in judgment. *United States v. Knox*, 124 F.3d 1360, 1363 (10th Cir.1997); *Elmore v. Capstan, Inc.*, 58 F.3d 525, 532 (10th Cir.1995).

At trial, the police officer testified that he saw Mr. Marshall pulling and tugging at his waistband as he fled down the street. Mr. Marshall's attorney attacked the officer's credibility with the incident report that contained no mention of this. However, the officer testified that while he failed to document this information in the incident report, he did include the reference in his arrest affidavit. Thus, there were two separate reports stemming from the same incident: the arrest affidavit, which was admissible as a prior consistent statement, and the incident report which is the subject of this inquiry.

During cross and recross, Mr. Marshall repeatedly attacked the officer's credibility and characterized the facts in a way that the district court feared might confuse the jury. Specifically, the court told Mr. Marshall's attorney that he "made an issue out of the matter." Rec., Vol. III, at 214. Since Mr. Marshall's attorney placed great emphasis on the omitted reference from the incident report, the district court explained that it would admit both reports "for purposes of clarity" so that "the jury will know precisely what we are talking about" and so the jury could determine "whatever the truth was on the subject." *Id.* at 89–90.

■ We hold that the district court did not clearly err in admitting the police officer's incident report. District courts have the power to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to [ ] make the interrogation and presentation effective for the ascertainment of the truth." Fed.R.Evid. 611(a). The advisory committee notes indicate that this power encompasses the many "questions arising during the course of trial which can be solved only by the judge's common sense and fairness in view of the circumstances." Fed.R.Evid. 611, Advisory Committee Notes, 1972 Proposed Rules, Note to subdivision (a). As the district court correctly observed, the repeated suggestions by Mr. Marshall that the police officer did not record his observation about Mr. Marshall pulling at his waistband had the potential to confuse the jury, since the jury had not seen the two reports. Thus, even assuming that the incident report represented a prior inconsistent statement relative to the arrest affidavit, there was a useful purpose to the introduction of the incident report beyond mere impeachment. *Compare United States v. Soundingsides*, 820 F.2d 1232, 1239 (10th Cir.1987) (prior inconsistent statements not admissible because there is no additional impeachment rationale for introducing prior inconsistent statements acknowledged by the witness to have been made). Admission of both reports allowed the jury to accurately weigh the officer's credibility without a potentially confusing series of second-hand accounts from witnesses regarding the contents of the incident report and the arrest affidavit.

■ We next examine whether the district court committed error when it instructed the jury that a discrepancy can be the product of innocent error or intentional falsehood. Mr. Marshall argues that the district court emphasized the choice of innocent error by telling the jury that "innocent misrecollection, like failure of recol-

lection, is not an uncommon experience." Aplt. Br. at 13, n. 1. Mr. Marshall states that this was a judicial remark on the conclusion that the jury should reach. The adequacy of a jury instruction is reviewed de novo for plain error when no objection to the jury instruction was made at trial. *United States v. Barrera–Gonzales*, 952 F.2d 1269, 1271 (10th Cir.1992).

The plain error standard requires an error that is "clear" or "obvious" that "affect[s] substantial rights" meaning usually "that the error must have been prejudicial." *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also United States v. Alli–Balogun*, 72 F.3d 9, 12 (2d Cir.1995) (if Supreme Court and controlling circuit have not spoken on subject, error cannot be plain where authority in other circuits is split).

We cannot find any Supreme Court or Tenth Circuit authority regarding this particular instruction. However, the Eighth Circuit previously approved the exact same language in *United States v. Jones*, 880 F.2d 55, 67 n. 14 (8th Cir.1989) (instruction that "innocent recollection, like failure of recollection, is not an uncommon experience"). Reviewing the arguments and evidence as a whole, and in light of *Jones*, we hold that the district court did not commit plain error when it instructed the jury on impeachment.

The final issue is whether the district court committed plain error when it instructed the jury that "[t]he government must prove beyond a reasonable doubt that the Defendant had knowledge that what he was possessing was a firearm." Rec., Vol. III, at 276. The adequacy of a jury instruction is reviewed for plain error when no objection to the instruction was made at trial. *United States v. Fabiano*, 169 F.3d 1299, 1302–03 (10th Cir.1999).

Mr. Marshall states that the instruction presupposed possession, which the jury would see as a judicial comment on the existence of the only thing at issue. For support, Mr. Marshall cites to *United States v. DeSoto* where we found that "the jury would probably interpret the instruction to mean that the defendant acquired the firearm and that he therefore must have knowingly possessed it, thereby satisfying the central disputed element of the offense" when the trial court instructed the jury that "[t]he defendant's motive for the acquisition of a firearm or ammunition is not material to the issue before you." 950 F.2d 626, 632 (10th Cir.1991).

At first glance, the instant case seems remarkably similar to *DeSoto*. However, unlike *DeSoto*, the *only* issue in our case is possession. It is unlikely that the jury was misled into thinking that the only issue for their determination had already been decided. The instructions as a whole serve to clarify that the only issue for the jury's determination is possession. Additionally, when viewed alone, the possession instruction seems to presuppose possession; however, it immediately follows an instruction that clearly states that possession is at issue. The district court instructed the jury that the sole issue for their determination was possession; specifically, the instruction immediately preceding the one at issue states that the Government "must prove beyond a reasonable doubt that the defendant did, in fact, have possession of the firearm in question." Rec., Vol. III, at 274–75. The court further advised the jury that they were to consider all of the instructions in their deliberations, that they were to consider each instruction in light of the others, and that they were the sole judges of the facts. *Id.* at 269–70.

While the possession instruction in this case does give us pause, we hold that, in light of the instructions as a whole, it was not plain error for the district court to instruct the jury in this manner. For the

foregoing reasons, the decision of the district court is **AFFIRMED**.