**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert M. HANEY, Defendant–Appellant.**

**No. 00–1421.**

United States Court of Appeals, Tenth Circuit.

Feb. 4, 2003.

David A. Lane, Miller, Lane, Killmer & Greisen LLP, Denver, CO, for Defendant–Appellant.

Daniel S. Goodman, Attorney, Criminal Division, Appellate Section, United States Department of Justice, Washington, DC (John W. Suthers, United States Attorney, and Andrew A. Vogt, Assistant United States Attorney, Denver, CO, with him on the brief), for Plaintiff–Appellee.

Before TACHA, Chief Circuit Judge, SEYMOUR, EBEL, KELLY, HENRY, BRISCOE, LUCERO, MURPHY, HARTZ and O'BRIEN, Circuit Judges.

## ON REHEARING EN BANC

PAUL KELLY, JR., Circuit Judge.

### Background

Defendant–Appellant Robert M. Haney was charged with attempted escape from

prison, 18 U.S.C. § 751(a), and possession of escape paraphernalia, 18 U.S.C. § 1791(a)(2), (d)(1)(B). A jury acquitted him of the former, but convicted him on the latter. He was sentenced to thirty six months imprisonment to run consecutively to previous federal sentences to be followed by three years supervised release. 1 R. Doc. 285 at 2–3. On appeal, Mr. Haney argued that the district court erred in (1) not permitting a duress defense to the charge of possession of escape paraphernalia, and (2) failing to grant a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The panel reversed Mr. Haney's conviction on the first point and therefore did not reach the second. *United States v. Haney*, 287 F.3d 1266, 1267 (10th Cir.2002).

We granted rehearing en banc, requesting that the parties address the following issues in addition to any other pertinent points:

(1) whether, in the prison context, an inmate who is not threatened but assists in the escape of another can claim to have acted under duress (third-party duress defense), and (2) if so, whether an inmate must make some previous attempt to contact prison authorities in order to prove the lack of a reasonable alternative.

Having carefully reviewed the record, it appears that Mr. Haney did not raise a duress defense as to the charge of possession of escape paraphernalia. Even if he did, his objection to the lack of a duress defense was based upon his actions as an aider and abetter. In convicting Mr. Haney, the jury responded on the special verdict form that Mr. Haney was convicted as a principal only, not on an aiding and abetting theory. 1 R. Doc. 217 at 2. Thus, either based upon a failure to raise the defense as to the possession of escape paraphernalia charge, or by limiting his assertion of the defense only to his capaci-

ty as an aider and abetter, Mr. Haney has waived any claim on appeal that his conviction should be reversed for lack of a duress instruction. We further hold that the failure to so instruct does not constitute plain error. Fed.R.Crim.P. 52(b). Accordingly, we now vacate the panel opinion, and remand the case to the panel for disposition of the sentencing issue raised on appeal.

### Discussion

■ A criminal defendant is entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law. *United States v. Scafe*, 822 F.2d 928, 932 (10th Cir.1987). We have stated:

When a criminal defendant has raised a theory of defense, the trial court should refer to that theory and to the testimony bearing on it and submit the issue with an instruction on the applicable law. The jury should be advised of the defendant's position so as to put the issues raised by the theory of defense squarely before it.

*United States v. Lofton*, 776 F.2d 918, 920 (10th Cir.1985) (citations omitted). In this case, Mr. Haney's theory of defense included duress only insofar as he might be convicted on a theory that he aided and abetted his co-defendant who had been threatened.

■ Fed.R.Crim.P. 30 then provided:

No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection.

A request for an instruction before the jury retires for deliberations is insufficient to preserve an objection to the actual instructions of the court. *Jones v. United*

*States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Here, the court held a number of charge conferences prior to instructing the jury and allowed counsel to object after the jury charge based on the record previously made. 16 R. (00–1429)1543. That record reveals that Mr. Haney objected on the basis that he should receive a duress instruction only in response to a theory that he aided and abetted his co-defendant's attempted escape.

■ Before reaching the merits of this matter, we must first inquire (1) whether Mr. Haney sought a duress defense on the charge of possession of escape paraphernalia, and if so, (2) under what conditions? Only by piling inference on inference would we be able to conclude that Mr. Haney sought to assert such a defense as to possession of escape paraphernalia charge. The record is unequivocal, however, that the duress defense Mr. Haney sought to assert was limited specifically to the extent that a jury might find that he aided and abetted his co-defendant.

*A.  Pretrial Proceedings*

In a motion to sever his trial from that of his co-defendant, Mr. Haney indicated that he intended to assert a duress defense because he was assisting his co-defendant in his escape attempt and honestly believed that his co-defendant's life was in danger. 1 R. Doc. 51 at 1–2. The government then filed a motion in limine requesting the district court to require Mr. Haney and his co-defendant to make a pretrial showing that they were entitled to the duress defense. 1 R. Doc. 72 at 1. Mr. Haney then filed a "Notice of Defense" which contained the broad assertion that he intended to "interpose a defense ... of duress as it relates to his co-defendant's life being at stake." 1 R. Doc. 88 at 1. The Notice of Defense did not specifically indicate whether the defense would be asserted to both charges or only the attempted escape charge. The government's motion

only mentions the duress defense on the attempted escape charge. 1 R. Doc. 72 at 2.

The district court ruled that Mr. Haney's co-defendant would be permitted to assert a duress defense, 1 R. Doc. (00–1429) 114 at 4, but reserved ruling on Mr. Haney's request. 5 R. (00–1429) at 121, 126. At that hearing (May 11, 1999), defense counsel explained "that we have attempted to enter a duress defense, solely in terms of Mr. Haney. It's been couched in terms of Mr. Haney aiding and abetting Mr. Francis. We've been arguing that from the beginning." 5 R. (00–1429) at 121. Several months later, Mr. Haney then filed a memorandum in support of his position that he, too, should be allowed to assert the defense "to the charges pending" against him. 1 R. Doc. 138 at 3 (emphasis added). In response, the government argued that Mr. Haney should not be allowed to assert a duress defense because (1) duress was unavailable as a matter of law because the threat was to a third-party, non-family member, and (2) he could not meet the elements of duress even if the defense was available in these circumstances. 1 R. Doc. 142 at 6–8.

*B.  The District Court's Status Conference on Mr. Haney's Duress Defense*

The district court heard argument on the issue at a status conference held on November 19, 1999. At that hearing, Mr. Haney's argument that he was entitled to the duress defense clearly focused on the attempted escape charge. His counsel also informed the district court that Mr. Haney's primary defense to the charges would be that he did not have the specific intent to escape; he was merely assisting his co-defendant in his escape attempt. 7 R. (00–1429) 17. Counsel stated:

At trial Robert Haney is not going to interpose a duress defense to his alleged

attempted escape. . . . In other words, if the government can prove that Robert Haney was himself trying to escape from custody, we have no duress defense. . . . [I]f the jury believes Haney was trying to escape, they can convict Haney. But if they believe he was simply trying to aid or abet or act as an accomplice to Francis, then they need to find him not guilty under a duress defense.

7 R. (00–1429) 20–21. The full transcript from the status conference demonstrates that Mr. Haney's only argument was that he was entitled to a duress instruction on the attempted escape charge if the government sought an aiding and abetting instruction on that charge. Counsel stated that, "I conceded in my motion Haney should not have a duress defense as it applies solely to his own alleged attempted escape." 7 R. (00–1429) 29.

A further indication that Mr. Haney's only argument was that he be allowed to assert the duress defense if the government sought an aiding and abetting instruction is counsel's offer to enter into the following stipulation with the government:

> [I]f I can get a stipulation from the government that they will not argue aiding and abetting, facilitation, encouraging, accomplicing on their escape with Robert Haney, then I can argue to the jury that, hey, he wasn't trying to escape. He was simply trying to help Francis escape. If you find that he himself was not trying to escape and he was merely trying to help Francis escape, you must find him not guilty on all charges, all right? If I make that argument to the jury, I don't need a necessity or duress defense.

7 R. (00–1429) 27; *see also id.* at 28 ("If . . . Mr. Haney isn't going to get nailed for assisting Mr. Francis and we intend to present a lot of evidence in this trial that he wasn't trying to escape, he was merely trying to assist Mr. Francis we don't need necessity. We don't need duress."). Based on the government's representation that it did not intend to rely on an aiding and abetting theory, the district court characterized the duress defense issue as "a nonissue." 7 R. (00–1429) 29. In response to counsel's statement that, "I conceded in my motion Haney should not have a duress defense as it applies solely to his own alleged attempted escape," the court stated, "[y]ou may concede it, but I am ordering it. There will be no duress defense available to Defendant Haney as it relates to the charge of attempted escape from the prison because there is no record to support that." 7 R. (00–1429) 29–30.

Thus, Mr. Haney's assertion of the duress defense was directed at the attempted escape charge, only insofar as the jury might convict him on an aiding and abetting theory. We recognize that Mr. Haney's co-defendant received the duress instruction on both charges, 1 R. Doc. 219, Instr. Nos. 34; 16 R. (00–1429) 1536–37, and the district court's written order denying the duress defense characterized Mr. Haney's position as "he should be able to assert a duress claim to the charges of attempted escape." I R. Doc. 152 at 1. These facts however do not persuade us that either the district court or the government was aware that Mr. Haney sought a duress defense on the possession of escape paraphernalia charge, particularly where every record conversation addresses attempted escape.

*C. Jury Instructions and Verdict*

Subsequent to the district court's decision on Mr. Haney's duress defense, Mr. Haney filed a brief arguing that he could not be convicted as an aider and abetter unless he was given the opportunity to assert the duress defense. I R. Doc. 195 at 2. The government argued that the jury could be properly instructed on aiding and

**1166**

abetting even though the indictment did not charge Mr. Haney with violating the aiding and abetting statute, 18 U.S.C. § 2.[1] I R. Doc. 194 at 1–2. At trial, the jury *was* instructed on aiding and abetting. I R. Doc. 219, Instr. No. 35; 16 R. (00–1429) 1537–39. On the special verdict form requested and submitted by Mr. Haney, the jury found him guilty only of the possession of escape paraphernalia charge, based upon his actions "as *a principal only, not as an aider and abettor.* ..." I R. Doc. 217 at 2 (emphasis added); 16 R. (00–1429) 1543. Even if Mr. Haney intended to raise the duress defense as to the possession of escape paraphernalia charge, Mr. Haney's theory of duress never encompassed his actions as a principal.

Were there any doubt, at the charging conference Mr. Haney objected to the aiding and abetting instruction as follows:

THE COURT: Mr Lane, what's your objection to [instruction] 34?[2]

MR. LANE: Well, Judge, I've already stated for the record that you're denying us a vicarious defense of duress.

THE COURT: Right.

MR. LANE: And you're conferring vicarious liability as an aider and abettor. So even if the jury finds that Robert Haney was not himself trying to escape, but he was simply aiding Tony Francis in trying to escape, Haney could be convicted of a crime that Francis has vicarious has a duress defense to. So I think that's inconsistent. I think its unfair. That's my objection to instruction 34.

14 R. (00–1429) at 1108–09. Plainly, Mr. Haney's defense never encompassed the theory that he acted under duress with respect to possession of escape paraphernalia in his own right rather than as an aider and abetter.

*D. Harmless Error*

■ We need not decide whether Mr. Haney was entitled to a duress instruction limited to his role as an aider and abettor, even assuming he properly objected to the lack of such an instruction on the possession of escape paraphernalia charge. The district court's failure to instruct was harmless given the jury's decision that he was not criminally responsible on an aiding and abetting theory. *See* Fed.R.Civ.P. 52(a); *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

*E. No Plain Error*

■ Mr. Haney was not entitled to assert a duress defense and receive a duress instruction based upon his actions as a principal. The district court was not presented with that defense. To the contrary, the district court was told repeatedly that Mr. Haney did not assert a duress defense to any claim that he was attempting to escape. Thus, his theory on appeal is forfeited. The rule concerning forfeiture encourages resolution of issues that are often factually dependent at the district court and avoids inconsistent strategy on appeal.

■ That said, we still may review for plain error. *See Jones,* 527 U.S. at 388, 119 S.Ct. 2090. To notice plain error under Fed.R.Crim.P. 52(b), the error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome of the trial. *See Olano,* 507 U.S. at 733–34, 113 S.Ct. 1770. Even if these requirements are met, this court's power to correct the

**1.** 18 U.S.C. § 2(a) provides that an aider and abetter may be punished as a principal. *Breeze v. United States,* 398 F.2d 178, 183–84 (10th Cir.1968).

**2.** Appears as Instruction No. 35 in the final charge. I R. Doc. 219; 16 R. 1537.

error is permissive, not mandatory. Our discretion should be exercised in those comparatively rare instances where the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 732, 113 S.Ct. 1770.

Without deciding the issue, the state of the law concerning third party duress in the prison context hardly has the type of clarity that would require a district court to instruct sua sponte on duress. While the trial judge must make every effort to see that the trial is fair, that responsibility does not extend to suggesting theories of prosecution or defenses, let alone after being told that certain theories were not being asserted.

Although the Supreme Court has recognized the defense of duress or necessity in the prison escape context, it has not passed on such a defense where a non-threatened inmate claimed duress based upon threats to another inmate. *See United States v. Bailey,* 444 U.S. 394, 398, 411, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *see also United States v. Boomer,* 571 F.2d 543, 545 (10th Cir.1978). Until the panel opinion in this case, there was no authority (other than *United States v. Lopez,* 885 F.2d 1428 (9th Cir.1989) which involved a quasi-familial relationship) for a duress defense where one inmate volunteers to help another inmate escape. Moreover, even courts considering the traditional duress defense in the prison context are divided on what must be shown to prove the lack of a reasonable alternative to committing the offense, i.e. whether (and in what circumstances) there must be a resort to prison authorities first. *See United States v. Tokash,* 282 F.3d 962, 969 (7th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 2344, 153 L.Ed.2d 172 (2002); *United States v. Bello,* 194 F.3d 18, 27 (1st Cir.1999); *United States v. Haynes,* 143 F.3d 1089, 1090–91 (7th Cir.1998); *United States v. Riffe,* 28 F.3d 565, 570 (6th Cir.1994); *Riffe,* 28

F.3d at 570, 571–72 (Kennedy, J., dissenting). Under these circumstances, we cannot conclude that the failure to instruct on duress was plain error. *Cf. United States v. Marshall,* 307 F.3d 1267, 1270 (10th Cir.2002) (an error generally is not plain where there is no Supreme Court or controlling circuit authority, and other circuit authority is divided).

Mr. Haney's conviction is AFFIRMED, and the appeal is REMANDED to the panel for disposition of the sentencing issue.