**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**September 9, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

v.

MIGUEL ANGEL OCAMPO,

Defendant-Appellant.

No. 04-6311

(D.C. No. 03-CR-144-C)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, McKAY,** and **HENRY**, Circuit Judges**.**

After examining the briefs and the appellate record, this panel has

determined unanimously to honor the parties' request for a decision on the briefs

without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered

submitted without oral argument.

Defendant was indicted in a sixteen-count indictment involving a

conspiracy to distribute drugs. Defendant was named in many of those counts. In

Count 1, Defendant was charged with conspiracy "to possess with intent to

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribute and to distribute [five] kilograms or more of a mixture or substance containing a detectable amount of cocaine . . .; 1,000 kilograms or more of marijuana; and a quantity of 3,4-methylenedioxymethamphetamine, (MDMA) . . . ." Rec., Vol. I, Tab Indictment, at 2. In Counts 7 and 16, he was charged with knowing and intentional distribution of one-half kilogram of cocaine, while Defendant was charged in Counts 9, 13, and 15 with use of a telephone to further the overall drug conspiracy. *Id.* at 6-11. Finally, in Counts 10 and 14, Defendant was charged with possession with intent to distribute nine ounces of cocaine. *Id.* at 8-10.

During trial, several witnesses testified as to Defendant's involvement in a vast drug-distribution conspiracy. At the close of the government's case, Defendant "enter[ed] his demur to the evidence," which the district court granted with respect to the conspiracy charge to distribute MDMA. Rec., Vol. V, at 588-91. However, ultimately the jury found Defendant guilty on all counts.

Prior to the district court's imposition of a sentence, and as part of his sentencing memorandum, Defendant objected to the district court's application of the Sentencing Guidelines as being unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004).[1] Defendant was specifically concerned with

---

[1]Defendant also made a calculation objection arguing that eight kilograms of heroin should not be included in the court's overall quantity calculation. The

(continued...)

the district court making findings of fact regarding the drug quantities attributable to him. The district court overruled Defendant's objection and imposed multiple sentences, which were to be served concurrently: 200 months' imprisonment (from a Guidelines range of 188 to 235) on Counts 1, 7, 10, 14, and 16; and 48 months' imprisonment (the statutory maximum) on Counts 9, 13, and 15. Defendant's imprisonment is to be followed by multiple terms of supervised release, which are also to be served concurrently: five years for Count 1; three years for Counts 7, 10, 14, and 16; and one year for Counts 9, 13, and 15.

Defendant presents two issues on appeal: (1) whether the government's evidence at trial regarding conspiratorial conduct (Count 1) from 1999 to spring of 2001 caused a "fatal constructive variance," and (2) whether the district court committed constitutional error in imposing Defendant's sentence. Aplt. App. at 10-11.

A variance "occurs when the charging terms in the jury instructions reflect the charges in the indictment[] but the evidence at trial proves materially different facts from those alleged in the indictment." *United States v. Smith*, 413 F.3d 1253, 1275 (10th Cir. 2005). Count 1 of the indictment charged Defendant with a conspiracy involving drug distribution limited to July 2001 to May 2, 2003. Rec.,

[1](...continued)
district court sustained the objection, which had the ultimate effect of reducing Defendant's effective base offense level from 36 to 34.

Vol. I, Tab Indictment, at 1-4. However, during trial the government presented evidence of an alleged conspiracy that went beyond the time frame charged in the indictment (from 1999 to spring of 2001). This apparent discrepancy is the basis for the alleged variance. Because Defendant did not object to the presentation of this evidence at trial, via a motion for acquittal or some other vehicle, we review for plain error. *See Smith*, 413 F.3d at 1275.

To establish plain error, Defendant must first meet his burden of proving that presentation of this evidence was an obvious error by the district court. *Johnson v. United States*, 520 U.S. 461, 467 (1997). In addition, he must also demonstrate that his substantial rights were affected, which usually requires proof that, but for the error, the result would have been different. *United States v. Haney*, 318 F.3d 1161, 1166 (10th Cir. 2003) (en banc). If he overcomes those three hurdles, we will exercise our discretion to remand only in the rare situation when failure to do so would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1166-67 (quoting *United States v. Olano*, 507 U.S. 725, 733-34 (1993)).

We need not decide whether the district court committed an obvious error because Defendant has failed to meet his burden of demonstrating how this alleged error affected his substantial rights. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002) (explaining that the court need not resolve each part of the

plain error test if the defendant fails to meet his burden on any part). Assuming it was an error to allow submission of evidence that pre-dated the conspiracy as indicted, Defendant has not adequately explained how that error prejudiced the outcome of his judicial proceedings. It appears that Defendant believes that the jury *could* not have arrived at its conclusion regarding drug quantity without the pre-conspiracy evidence. Aplt. Br. at 14 ("[T]he jury *could* have found Mr. Ocampo guilty based on the unalleged conspiracies from 1999 to spring of 2001.") (emphasis added). In addition to putting forth this thin argument, Defendant has not pointed to any record evidence to support this proposition. *See United States v. Rodriquez-Aguirre*, 108 F.3d 1228, 1238 n.8 (10th Cir. 1997). We will not "'sift through' the record in search of Defendant's contentions of error . . . ." *S.E.C. v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992). Accordingly, we notice no error in Defendant's variance claim.

Next, Defendant argues that his sentence is constitutionally infirm because the district court made improper findings of fact in violation of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Because Defendant raised a *Blakely* objection to the district court, he has properly preserved this issue for appeal and we review it for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005).

The Supreme Court has recognized that an error is harmless if "the error

did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). We have noted the harmlessness of a district court's error when the district judge, "[h]aving exercised his limited discretion under the pre-*Booker* system[, imposes] the highest permissible sentence, [giving the court of appeals] no reason to think the judge would exercise his now-greater discretion to reduce the sentence." *United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005). This principle announced in *Riccardi*'s reasoning applies in this case.

The sentence imposed by the district court was in the middle of the Sentencing Guideline range.[2] In making this determination, the district judge concluded that he did not "believe [Defendant] should qualify for a sentence at the bottom of the guideline range because [he was] instrumental in enabling this conspiracy to proceed in its illegal conduct. Without [his] supply, the others would not have had anything to sell." Rec., Vol. VII, at 13 (Sentencing Transcript). The government has therefore met its burden of demonstrating that Defendant's substantial rights were not violated. *Riccardi*, 405 F.3d at 875 (citation omitted). We fail to see how remanding this case to the district court, in

---

[2]Since Defendant's sentences were to run concurrently, the fact that he received the statutory maximum for Counts 9, 13, and 15 is irrelevant. The only sentence that bears on the outcome of this case is the 200-month sentence for Counts 1, 7, 10, 14, and 16.

light of the Supreme Court's holding in *Booker*, would change the district court's decision; the district court already exercised its discretion and imposed a sentence in the middle of the Guidelines range. Another factor that supports our holding is that Defendant did not object to the district court nor did he argue on appeal the factual underpinnings related to the quantity determination; he merely argues that the factual findings violated his Sixth Amendment rights. *See id.* at 876 ("[The defendant's] decision not to contest these [judge-found] facts is another strong indication that the district court based the sentencing enhancements on [the defendant's] actual conduct.").

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge