**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

IVAN GARCIA-CASTANEDA,

    Defendant-Appellant.

No. 06-2102
(D. New Mexico)
(D.C. No. CR-05-1031 JH)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

In a one-count criminal information filed on May 24, 2005, in the United States

District Court for the District of New Mexico, Ivan Garcia-Castaneda (the defendant) was

charged with having been found in New Mexico after he had been previously deported

from the United States because he had been convicted of an aggravated felony as defined

in 8 U.S.C. §1101(a)(43), in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and 8 U.S.C.

§1326(b)(2).  Specifically, the information reads as follows:

    The United States Attorney charges:

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On or about the 4th day of November, 2004, the defendant, IVAN GARCIA-CASTANEDA, an alien, was found in Luna County, in the State and District of New Mexico, contrary to law in that the defendant had been convicted of an aggravated felony as defined by 8 U.S.C. §1101(a)(43), that being Delivery of a Controlled Substance, and thereafter had been deported, excluded and removed and departed the United States on or about February 5, 1999, while an Order of Exclusion, Deportation and Removal was outstanding, and the said defendant had not obtained the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, pursuant to 6 U.S.C. §§ 202(3), 202(4) and 557, for reapplication by the defendant for admission into the United States.

In violation of 8 U.S.C. §§ 1326(a)(1) and (2) and 8 U.S.C. §1326(b)(2). (Emphasis ours.)[1]

On the same day the information was filed, the defendant appeared before a United States Magistrate in Albuquerque, New Mexico with his attorney for arraignment, at which time he entered a plea of guilty. There was no plea agreement. The defendant apparently did not know much English, and a court interpreter was used throughout the hearing. Preliminarily, the Magistrate ascertained that the defendant had signed a consent to appear before a Magistrate Judge in a felony case. At that time, the defendant was fully advised of his right to have presentment to a grand jury, which he waived. The defendant then entered an unconditional plea of guilty to the charge. Before accepting his plea, the Magistrate fully advised the defendant of his various constitutional rights. The Magistrate also inquired of the United States Attorney as to the "factual basis" for the charge against the defendant. The United States Attorney then stated that on July 17,

---

[1] 8 U.S.C. § 1101(a)(43)(B) reads as follows: "The term 'aggravated felony' means . . . illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime as defined in section 924(c) of Title 18."

2

1992, "the defendant was convicted of sale and transportation of marijuana, an aggravated felony, in California [and] as a result, the defendant was removed from the United States on February 16, 1999, and was not to return." At that juncture, the defendant again entered a plea of guilty, and the Magistrate then accepted his plea and "adjudged [him] guilty of the offense." The case was then referred to the Probation Department for a presentence report.

Pursuant to U.S.S.G. § 2L1.2(a), the presentence report determined that the defendant's base offense level was 8 levels. The report then recommended that the defendant receive a 16-level increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because of his 1992 California conviction for selling marijuana, which constituted a "drug trafficking offense" for sentencing purposes. His offense level was then reduced by three levels for acceptance of responsibility, all of which resulted in an adjusted offense level of 21 (8 + 16 - 3 = 21). With a Criminal History Category of IV, defendant's guideline sentencing range was 57 to 71 months imprisonment.

Counsel for the defendant filed no objection to the presentence report. Defendant, however, filed a *pro se* objection to the recommendation that his offense level be raised 16 levels under U.S.S.G. § 2L.1.2(b)(l)(A), on the ground that his 1992 California conviction did not result in a sentence of more than 13 months imprisonment, as required by U.S.S.G.§ 2L.1.2(b)(1)(A). The district court overruled defendant's objection, noting that though defendant's 1992 California conviction initially resulted in placing him on 36 months probation, his probation was later revoked and he was then sentenced to two years

3

imprisonment. The defendant, *pro se*, also objected to the recommendation in the presence report that his Criminal History Category be set at IV. That objection was also overruled. Neither of these matters is raised on appeal. The district court then sentenced defendant to imprisonment for 57 months to be followed by a term of supervised release.[2]

On appeal, counsel for the defendant requests that we vacate defendant's sentence and remand for re-sentencing on the ground that the 16-level increase in defendant's offense level was incorrect. In support of his request for resentencing, the defendant relies on two matters: (1) counsel for the defendant at sentencing rendered constitutionally ineffective assistance to the defendant when he failed to object to the presence report's recommendation that defendant's offense level be raised by 16 levels on the basis of his 1992 California conviction; and (2) the district court erred in increasing defendant's offense level by 16 levels based on his 1992 California conviction. The defendant agrees that since no objection was made at sentencing to the 16 level increase in his offense level based on his 1992 California conviction, we review the district court's increase of defendant's base offense level for 16 levels for "plain error."[3]

_____

[2] We note that after defendant pled guilty to the charge set forth in the information, he became dissatisfied with his appointed counsel and asked that he be replaced. The district court then appointed new counsel who represented defendant at his sentencing. In this appeal, the defendant is represented by the Federal Public Defender's office.

[3] While counsel recognizes that the plain error rule is the law of this Circuit, counsel states that the plain error standard should not apply, and he seeks to "preserve"

(continued...)

4

We elect to first consider the issue of whether the district court committed plain error in raising defendant's base offense level by 16 levels based on his 1992 California conviction. To satisfy the plain error standard, the defendant must prove that the district court committed error that was plain and affected substantial rights. *United States v. Haney,* 318 F.3d 1161, 1166 (10th Cir. 2003)(en banc). And even if these tests are met, we may correct such error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *Id.* at 1166-67 (quoting *United States v. Olano,* 507 U.S. 725, 732 (1993).

U.S.S.G. § 2L.1.2(a) provides that the base offense level for one who unlawfully enters or remains in the United States shall be 8 levels, and U.S.S.G.§ 2L.1.2(b)(1)(a) provides further that if the person has been previously deported, or unlawfully remained, in the United States after he has been convicted for a felony that is a "drug trafficking offense" for which the sentence imposed exceeded 13 months, the base offense level shall be increased by 16 levels. Under the heading "Commentary," note 1(B)(iv) states that a "drug trafficking offense" means an "offense under federal, state or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with an intent to manufacture, import, export, distribute, or dispense."

---

[3](...continued)
that issue for possible review by the U.S. Supreme Court.

As stated, the defendant, with counsel, pled guilty to an information charging him with having been found in New Mexico after he had previously been deported from the United States because he had been convicted of an "aggravated felony," identified in the information as a "Delivery of a Controlled Substance." 8 U.S.C. § 1101 (43)(B) provides that an "aggravated felony means . . . illicit trafficking in a controlled substance (as defined in Section 802 of Title 21), including a drug trafficking crime (as defined in Section 924(c) of Title 18)." That conviction occurred in a California state court in 1992 when defendant was convicted of violating California Health & Safety Code § 11360(a), which provides as follows:

§11360. Transportation, sale, import, give away, etc: punishment.
(a) Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

On the record as made in the district court, we conclude that the district court did not commit plain error when it followed the presentence report's recommendation that defendant's base offense level of 8 be raised by 16 levels because of his 1992 California conviction for the sale of marijuana. By pleading guilty to the criminal information filed in the instant case the defendant admitted, *inter alia,* that he had been found guilty in 1992 in California of an aggravated felony described in the information as "Delivery of a Controlled Substance," which is a form of "drug trafficking." Further, that particular allegation was an essential element of the crime charged in the information. In addition,

6

at the time of his arraignment before the Magistrate, the United States Attorney, when requested by the Magistrate to state the "factual basis" for the case, stated that it was for the "sale and transportation of marijuana." After having been so advised by the United States Attorney, the defendant persisted in his plea of guilty to the crime charged in the information, and the Magistrate accepted his plea and adjudged the defendant to be guilty of the crime charged. Although not in itself controlling, an "Abstract of Judgment" contained in the presentence report stated that the defendant was convicted in the Superior Court of California on July 17, 1992, of "Sale Trans. Marij." Counsel's reliance on Ninth Circuit cases such as <u>United States v. Navidad Marcos</u>, 367 F. 3d 903 (9th Cir. 2004) is misplaced. In that case, for instance, defendant's counsel <u>did</u> object at sentencing to the 16-level enhancement of his base offense level, and the matter was thereby preserved for direct appeal. Hence, the Ninth Circuit in that case was not concerned with the "plain error" argument, as we are. All things considered, based on the present record, the district court did not commit "plain error" when it increased defendant's offense level by 16 levels because of his 1992 California conviction. *United States v. Millan-Torres,* 139 Fed. Appx. 105 (10th Cir. 2005), *cert. denied,* 546 U.S. 1023 (2005).

In this appeal, the defendant also asserts that he is entitled to re-sentencing because the attorney representing him at sentencing did not object to the 16-level enhancement and in so doing was "constitutionally ineffective." In our view, based on the record before us, defendant has failed to show that his counsel at sentencing was

7

"constitutionally ineffective." A reasonably competent counsel could have concluded that defendant was convicted of selling marijuana in California in 1992. In this regard, *see also* <u>Hickman v. Spears</u>, 160 F.3d 1269, 1273-75 (10th Cir. 1998) where we held that counsel was not ineffective because he failed to object to an enhanced sentence under Oklahoma Habitual Criminal Act, when there was no clear legal authority supporting plaintiff's argument.[4]

Pursuant to Fed. R. App. P. 28(j), the defendant by supplemental authority filed after oral argument, submitted for our consideration *United States v. Ruiz-Rodriguez,* _____ F. 3d _____, 2007 Westlaw 2193677 (10th Cir. Aug. 1, 2007). In so doing, counsel states that "this decision spells out for the panel the directions it might give to the parties and the district court, should it reverse Mr. Garcia-Castaneda's sentence and remand the case for re-sentencing." However, for the reasons as already stated, we decline to remand for resentencing.

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[4] We recognize that a claim for ineffective assistance of counsel is generally to be brought in a collateral proceeding, and not on direct appeal. At the same time, in *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995), we stated that "in rare instances an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." We believe that the "exception to the rule" applies in the present case.