**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN SAAVEDRA-
VILLASENOR,

Defendant-Appellant.

No. 08-2038

District of New Mexico

(D.C. Nos. 2:06-CR-00615-WJ-1 &
1:07-CV-00946-WJ-RLP)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Martin Saavedra-Villasenor, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Saavedra-Villasenor has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On August 18, 2006, Mr. Saavedra-Villasenor, an alien, pled guilty to re-entering the United States illegally after being deported, in violation of 8 U.S.C. §§ 1326(a)(1) and (a)(2). The indictment alleged that he had a prior aggravated felony conviction for "Domestic Battery, Second Offense." The presentence report recommended a sixteen level enhancement on account of Mr. Saavedra-Villasenor's prior felony domestic battery conviction. Mr. Saavedra-Villasenor made no objection to the recommended enhancement. At the plea hearing, after the prosecutor said that Mr. Saavedra-Villasenor "had been convicted of aggravated felony, that being domestic battery, second offense," the defendant confirmed that this statement was correct. The district court then sentenced Mr. Saavedra-Villasenor to a term of 77 months in prison followed by three years of supervised release.

After sentencing, Mr. Saavedra-Villasenor filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. He argued that his counsel was ineffective because he failed to investigate the underlying felony of domestic violence, which Petitioner claimed was primarily for verbal abuse. The magistrate judge filed a report recommending dismissal of the petition. The report concluded that Mr. Saavedra-Villasenor had two prior convictions for domestic battery amounting to an aggravated felony under federal law, and that Mr. Saavedra-Villasenor read the plea agreement, reviewed it with his attorney,

and voluntarily signed it. Mr. Saavedra-Villasenor failed to file any written objections to the magistrate judge's report or recommendations within the requisite ten-day period. The District Court accepted the magistrate judge's recommendations, issuing an order denying Petitioner habeas relief.

## Discussion

### 1. Certificate of Appealability

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). Where, as here, the district court denies habeas relief on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

By failing to file objections to the magistrate judge's report and recommendation,[1] the petitioner has waived the right to appellate review on the merits of the district court's order. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). There are two exceptions to the waiver rule: (1) where a *pro se* litigant was not informed of the time period for objecting and the consequences of failing to do so, or (2) where the "interests of justice" require review. *See Morales-Fernandez*, 418 F.3d at 1119; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Neither exception applies. The magistrate judge's report and recommendation explicitly stated in its first footnote that a party must file objections within ten days of service if appellate review is desired. The relevant paragraph ends by stating, "If no objections are filed, no appellate review will be allowed." The first exception therefore does not apply.

As to the "interests of justice" exception, we have held that this is similar to reviewing for plain error under Fed. R. Crim. P. 52(b). *Morales-Fernandez*, 418 F.3d at 1120; *see United States v. Olano*, 507 U.S. 725, 736 (1993) (describing plain error review). To satisfy this standard, a petitioner must show that the district court committed error that is plain, affects substantial rights, and

___

[1]The petitioner's "traverse motion"does not qualify as a written objection to the report and recommendation, as it was filed before the magistrate judge issued his report and recommendation.

-4-

"seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Haney*, 318 F.3d 1161, 1166-67 (10th Cir. 2003)(en banc)(quoting *United States v. Olano*, 507 U.S. at 732). Only if the district court committed plain error with respect to the characterization of petitioner's prior conviction or with respect to his claim of ineffective assistance of counsel may we exercise our discretion and reach the merits of his claim.

**2. Aggravated Felony**

Mr. Saavedra-Villasenor argues that his prior conviction was only a misdemeanor and not an aggravated felony. However, the record before the district court showed (1) that he pleaded guilty to an indictment that listed his previous offense as an aggravated felony conviction for "Domestic Battery, Second Offense"; (2) that he filed no objection to the presentence report's recommendation of a sixteen level enhancement on account of his prior felony domestic battery conviction, *see* Fed. R. Crim. P. 32(i)(3)(A) (the court "may accept any undisputed portion of the presentence report as a finding of fact"); and (3) that he explicitly admitted at the plea hearing that he "had been convicted of aggravated felony, that being domestic battery, second offense." Mr. Saavedra-Villasenor failed to present any evidence that his past conviction was not an aggravated felony. Based on this record, the district court did not commit error, let alone plain error, in finding that the enhancement applied.

### 3. Ineffective Assistance of Counsel

Mr. Saavedra-Villasenor also argues that his counsel provided ineffective assistance by not investigating the nature of his convictions or objecting to their classification. To succeed on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As both the magistrate judge and district court concluded, Mr. Saavedra-Villasenor could show neither of the *Strickland* requirements. Counsel's failure to further investigate his client's past convictions was not objectively unreasonable under these circumstances.

Under 8 U.S.C. § 1101(a)(43), an aggravated felony includes, *inter alia*, a state or federal "crime of violence for which the term of imprisonment [is] at least one year." The Petitioner incurred his prior conviction in Illinois. Under Illinois law, domestic battery is a Class A Misdemeanor, but is considered a Class 4 Felony if it is a second-time offense. 720 ILL. COMP. STAT. ANN. 5/12-3.2(b) (LexisNexis 2008).[2] A Class 4 Felony is punishable by no less than one year and no more than three years. 730 Ill. Comp. Stat. Ann. 5/5-8-1(a)(7) (LexisNexis 2008). Because domestic battery is a violent crime, and a second domestic

---

[2]Neither party has expressly stated when Petitioner was convicted of domestic battery. However, this particular provision of Illinois law has been in effect since July 1, 1994.

battery offense is punishable in Illinois by no less than one year in prison, it is an aggravated felony under 8 U.S.C. § 1101(a)(43).

No reason existed for Petitioner's counsel to contest the classification of the prior conviction, especially considering Mr. Saavedra-Villasenor's repeated affirmations of it. Although he now asserts in his brief before this court that he was sentenced only to seven months' probation, there is no evidence in the record that he received a sentence less than the minimum the statute specifies. To show ineffective assistance of counsel, the burden is on the petitioner to present evidence and to prove the facts underlying his claim. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Petitioner failed to present any evidence to the district court that tended to prove his prior sentence was for less than one year or the prior conviction was not an aggravated felony. The district court did not commit the equivalent of plain error when it rejected a claim based on no evidence.

## Conclusion

Accordingly, we **DENY** Mr. Saavedra-Villasenor's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is **GRANTED.**

Entered for the Court,

Michael W. McConnell
Circuit Judge