**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MIGUEL ANGEL OCAMPO,

    Defendant-Appellant.

No. 07-6221

(D.C. No. CR-03-144-C)
(D.C. No. CV-06-971-C)
(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Miguel Ocampo, a federal prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We deny his request for a COA and dismiss this matter.

Mr. Ocampo was indicted on and subsequently convicted of multiple counts arising out of a conspiracy to distribute various illegal drugs. The district court sentenced Mr. Ocampo to 200 months in prison, 5 years supervised release, and an $800 special assessment. On direct appeal, we affirmed Mr. Ocampo's

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

convictions and sentence.  United States v. Ocampo, 148 F. App'x. 703 (10th Cir. 2005) (unpublished).

Mr. Ocampo then filed a timely § 2255 motion to vacate, set aside or correct his sentence.  He alleged that his trial counsel was ineffective for failing to investigate and present essential defense witnesses, to properly impeach several government witnesses, and to object to the government's summary witness testimony.  Additionally, he suggested without any supporting evidence that the failure to call Leo Padilla, Jr., to testify as a defense witness could be due to government suppression of an exculpatory statement made by Mr. Padillo,[1] in violation of government disclosure requirements under Brady v. Maryland, 373 U.S. 83 (1963).  The district court denied Mr. Ocampo's § 2255 motion, finding that Mr. Ocampo failed to demonstrate the ineffective assistance of counsel.  The district court did not address the possible Brady violation.

A federal prisoner may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a COA.  28 U.S.C. § 2253(c)(1).  A COA will only issue "if the applicant has made a substantial showing of the denial of a

---

[1] The exculpatory statement is contained in a post-trial affidavit attached to Mr. Ocampo's § 2255 motion.  Mr. Padilla, a convicted member of the drug conspiracy, avers: "When an agent later came to Boley Correctional to ask me if I had ever done any drug business with Miguel [Ocampo], I told him no."  ROA at 53 ¶ 2.  Trial counsel never spoke with Mr. Padilla, either to investigate or to ask him to serve as a defense witness.  ROA at 75, ¶ 8 (Doc. 248-2, Aff. of M.E. Ferrell, Jr., trial counsel); ROA at 53, ¶ 4 (Aff. of Leo Padilla, Jr.).

constitutional right." Id. § 2253(c)(2). To satisfy that requirement, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted).

First, Mr. Ocampo argues that the district court erred in rejecting his ineffective assistance of counsel claim. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." United States v. Lopez, 100 F.3d 113, 117-18 (10th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 690 (1984)). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

While the district court had the benefit of "review[ing] the entire trial transcript, as well as other documents in the court record," ROA at 86 (Doc. 257), we have not had that same benefit. The appendix filed by Mr. Ocampo's counsel includes only a partial copy of the trial transcript. Counseled appellants generally have the burden of "provid[ing] all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such

3

proceedings relate to the issues raised on appeal." 10th Cir. R. 10.1(A)(1); see United States v. Dago, 441 F.3d 1238, 1251 (10th Cir. 2006) (affirming the district court's denial of habeas relief based on ineffective assistance of counsel because necessary trial transcripts were not part of the evidentiary record on appeal).

In the absence of a complete transcript, we cannot judge whether trial counsel's performance was unreasonable or whether Mr. Ocampo was prejudiced by several of trial counsel's proffered failures. The district court at sentencing is quoted as describing the evidence against Mr. Ocampo as "overwhelming." ROA at 67. Even assuming that the decisions of trial counsel fall below the "objective standard of reasonableness" identified in Strickland, without the opportunity to conduct complete review of this "overwhelming" body of evidence, we cannot determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Mr. Ocampo has failed to make a substantial showing of the denial of a constitutional right, and so we deny his request for a COA on the basis of ineffective assistance of counsel.

Finally, as part of Mr. Ocampo's argument that his trial attorney offered ineffective assistance of counsel by failing to investigate and present Mr. Padilla as a witness, Mr. Ocampo suggests that the failure to call Mr. Padilla as a witness may (or may not) be the result of a Brady violation.

4

[Appellate] Counsel do not know if trial counsel was provided a report indicating that Leo Padilla was interviewed a second time while in prison, and affirmatively denied [Mr. Ocampo's] involvement in the conspiracy. [Trial counsel] has been very cooperative with [appellate] Counsel in providing access to his file, but [appellate] Counsel do not have the discovery disk, and no such report was found in the paper file. [Appellate] Counsel cannot, therefore, affirmatively allege that no such report was provided trial counsel. . . . If [trial] Counsel were aware of the subsequent interview and specific denial, however, clearly [trial] Counsel was even more ineffective in failing to interview Mr. Padilla and present him as a witness. If, on the other hand, the Government had conducted such an interview, but failed to inform trial counsel in discovery, then a Brady violation contributed to trial counsel's failure. In either event, [Mr. Ocampo] was deprived of the essential testimony of Leo Padilla at trial.

ROA at 34 (Doc. 234). The district court addressed the claim of ineffective assistance of counsel when denying the § 2255 motion, but did not mention a Brady violation claim. See ROA at 79-87 (Docs. 257, 258-2). It is possible that Mr. Ocampo did not properly raise the Brady violation argument to the district court based on the above language. Mr. Ocampo merely mentions the possibility of a Brady violation in passing and without factual support, as part of the overall ineffective assistance of counsel argument. Nonetheless, we will exercise discretion to consider briefly the Brady violation claim. See United States v. Jarvis, 499 F.3d 1196, 1201 (10th Cir. 2007) (explaining that, even if the appellant fails to raise an argument before the district court, we have jurisdiction and discretion to address the argument).

The Brady violation claim fails on its merits. "To establish a Brady

5

violation, the defense must prove that the prosecution suppressed the evidence, the evidence would have been favorable to the accused, and the suppressed evidence was material." Fero v. Kerby, 39 F.3d 1462, 1472 (10th Cir. 1994). Mr. Ocampo has not offered any evidence that the prosecution suppressed any evidence, including any statements made by Mr. Padilla to investigating agents. Mr. Ocampo acknowledged that trial counsel had been "very cooperative," ROA at 34, but he does not explain why he did not simply ask trial counsel if Mr. Padilla's exculpatory statement was disclosed by the government or why trial counsel did not address this issue in his affidavit. Mr. Ocampo has failed to present any evidence to support or suggest government suppression of evidence in violation of Brady and, therefore, has not made a substantial showing of the denial of a constitutional right.

The request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court,

Mary Beck Briscoe
Circuit Judge

6