FILED
United States Court of Appeals
Tenth Circuit

July 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HARRY ALLAN STROUP,

Defendant-Appellant.

No. 07-8085
(D.C. No. 07-CR-158-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **SEYMOUR**, Circuit Judges.
––––––––––––––––––––––––––

Defendant Harry Allan Stroup appeals his conviction for witness tampering based on a letter he wrote to a friend, Mr. Sadler, regarding some potentially incriminating evidence. After his conviction, Defendant moved for a judgment of acquittal, but the district court denied the motion. On appeal, Defendant argues that his actions did not fall within the statutory definition of witness tampering and that the government introduced insufficient evidence to support his conviction.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review the sufficiency of the evidence and the denial of a motion for judgment of acquittal de novo "to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). In making this determination, we do not weigh the evidence, nor do we consider the credibility of witnesses. *United States v. Bailey*, 327 F.3d 1131, 1140 (10th Cir. 2003). "[T]he evidence necessary to support a verdict . . . need not negate all possibilities except guilt." *Wood*, 207 F.3d at 1228 (internal quotation marks omitted).

The witness tampering statute provides: "Whoever knowingly . . . threatens or corruptly persuades another person, or attempts to do so . . . with intent to . . . influence . . . the testimony of any person in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(b) (2000 & Supp. 2008).[1] Thus, the government must prove beyond a reasonable doubt that Defendant (1) knowingly, (2) attempted to corruptly persuade Mr. Sadler (3) with the intent to influence Mr. Sadler's testimony (4) at an official proceeding.

The first element, knowledge, is satisfied because Defendant stipulated to writing the letter to Mr. Sadler. As for the second element, we conclude the

---

[1] We note the statute states, "threatens *or* corruptly persuades." Thus, the government need only prove one of the two.

government provided sufficient evidence to prove that Defendant attempted to corruptly persuade Mr. Sadler. In the letter, Defendant informed Mr. Sadler that he was facing federal drug charges and that the government had evidence of money transfers linked to Mr. Sadler that "look[ed] bad" for Defendant. R. Trial Tr. at 136.) He then explained,

> My contention is that any money [I] wired to people had to do with my salvage and mechanic business. So what I'm writing you for is to make sure that if you are subpoenaed for my trial that you will testify to the truth of the matter that any money I wired to you was to help you get your vehicle fixed and moving again that time when it broke down . . . . It happened more than once, if'n I remember rightly because they didn't get everything fixed right the first time and it broke down again.

(*Id.*)

Defendant then explained he had informed his attorney that he and Mr. Sadler had been friends since childhood and that this friendship was the reason he had wired Mr. Sadler money when he was in need. Moreover, Defendant told Mr. Sadler that he had not revealed Mr. Sadler's drug use to his attorney and stated, "I hope our friendship holds up on this matter." (*Id.* at 137.)

Finally, Defendant mentioned witness tampering in the letter and asked Mr. Sadler to destroy the letter and not to discuss it with anybody. Because the prison officials checked Defendant's incoming mail, Defendant asked Mr. Sadler to reply via a note to Defendant's "lady" "saying okay" and to let Defendant know whether the letter appeared to have been opened and resealed before Mr. Sadler

received it. (*Id.*)  At trial, Mr. Sadler testified that Defendant had never wired him money to fix his car and that Defendant had instead wired him money to purchase drugs.[2]

Viewing Mr. Sadler's testimony and Defendant's letter in the light most favorable to the government, we conclude a jury could have found beyond a reasonable doubt that Defendant attempted to corruptly persuade Mr. Sadler.  We reject Defendant's contention that the statutory language requires evidence of threats or a direct request to lie.  Rather, as the district court correctly instructed the jury, this element requires the government to prove a defendant's action was "done voluntarily and intentionally to bring about false or misleading testimony or to . . . prevent testimony with the hope or expectation of some benefit to [the defendant] or another person."  R. Doc. 27 at 20–21.)  Given the context of the letter, the mere fact that Defendant told his friend to "testify to the truth of the matter" does not negate the jury's finding of an attempt to corruptly persuade.

As to the third and fourth elements, we conclude that the government introduced sufficient evidence for a rational trier of fact to find that Defendant's words were intended to influence Mr. Sadler's potential testimony at Defendant's upcoming trial, an official proceeding.  Defendant alluded to the possibility that

---

[2]  Defendant contends Mr. Sadler was not a credible witness.  However, we do not assess witness credibility on appeal.  Determining the credibility of a witness is a function reserved exclusively for the jury.

Mr. Sadler might be "subpoenaed for [Defendant's] trial" and suggested the testimony he wished Mr. Sadler to give. (R. Trial Tr. at 136.) Although Defendant stated in the letter that the requested testimony was the truth, the jury was free to credit Mr. Sadler's testimony that Defendant concocted the proposed story.

We therefore conclude that the evidence, taken in the light most favorable to the government, fell within the statutory definition of witness tampering and was sufficient to support the jury's finding of guilt beyond a reasonable doubt. We thus **AFFIRM** Defendant's conviction and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge