FILED
United States Court of Appeals
Tenth Circuit

August 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HARRY ALLAN STROUP,

Defendant - Appellant.

No. 12-8033
(D.C. Nos. 2:09-CV-00246-CAB and
2:07-CR-00158-CAB-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
DENYING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF FEES AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Harry Allen Stroup, a federal prisoner proceeding pro se,[1] wants to appeal from

the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his

sentence. His motion alleges prosecutorial misconduct and ineffectiveness of trial

counsel. The district court denied his § 2255 motion and, concluding he did not make "a

substantial showing of the denial of a constitutional right," denied his request for a

Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(2). Because that decision is not

---

[1] We liberally construe Stroup's pro se pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

even debatably incorrect, we deny his request to this court for a COA and his accompanying motion to proceed on appeal without prepayment of fees.

Stroup was convicted of witness tampering based on a letter he wrote to a friend, Craig Sadler, coaching Sadler on how he should testify if called as a witness at Stroup's federal trial on drug charges. *United States v. Stroup*, 291 F. App'x 868, 869 (10th Cir. 2008) (unpublished). On direct appeal, we determined "the evidence, taken in the light most favorable to the government, fell within the statutory definition of witness tampering and was sufficient to support the jury's finding of guilt beyond a reasonable doubt." *Id*. at 870.

In his § 2255 motion, Stroup claims prosecutorial misconduct based on what he describes as prejudicial wording of the indictment; it stated he "asked Mr. Sadler to lie." He also claims the prosecutor's motive for bringing the tampering charges was retaliation against him because tampering was not used to enhance the sentence imposed on his drug conviction. He also claims ineffective assistance of trial counsel based on counsel's failure to call defense witnesses, especially him to give his "version of events." (R. Vol. I at 19.)

The district court decided the prosecutorial misconduct claims should have been raised on direct appeal. Nevertheless, it concluded the indictment was not drafted in an inflammatory or prejudicial manner and the prosecutor's charge was based on Stroup's criminal conduct, not his exercise of a protected right. *See United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991) ("When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the government may not punish

him for such exercise without violating due process guaranteed by the federal Constitution.").  It also determined Stroup's ineffective assistance claim was without merit because he did not allege (and does not allege here) a specific witness, other than himself, who should have been called to testify.[2]  Moreover, he fails to allege he ever requested to testify.[3]

The court also denied Stroup's request for a COA.   He has renewed that request in this Court along with a motion to proceed without prepayment of fees.  Fed. Rule App. P. Rule 22(b)(2) ("[a] request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.")  A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not

---

[2]  As the district court recognized, Stroup's attorney could have made the decision not to present evidence for any number of valid reasons.

[3]  Stroup further claims his attorney was ineffective because the attorney failed to answer Stroup's post-trial telephone calls or send him transcripts following his conviction.  The district court correctly disregarded these claims as they are based on events following his conviction and sentence.

definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

The district court thoroughly and correctly addressed and resolved each of the issues fairly presented to it. His current request for a COA attempts to raise entirely new (and equally meritless) issues.[4] As no jurist of reason could reasonably debate the correctness of the district court's decision, we DENY the request for a COA and DISMISS this matter. We also DENY Stroup's motion to waive prepayment of fees.[5] Stroup must pay the full amount of the filing fee.[6]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Stroup claims we did not properly consider his only issue on his direct appeal and our standard of review "shifted the burden of proof." (Appellant's Br. at 11.) He also attempts to raise an ineffective assistance of appellate counsel claim. Because there was no merit to his § 2255 claims, his appellate counsel was not ineffective for failing to raise them on appeal.

[5] Stroup "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." See *Anders v. California,* 386 U.S. 738, 744 (1967).

[6] Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).