FILED
United States Court of Appeals
Tenth Circuit

June 26, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GARY SPARKS,

      Defendant - Appellant.

No. 14-3120

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:13-CR-20082-CM-1)**

---

Melanie Morgan of Morgan, Pilate L.L.C, Kansas City, Missouri, for Defendant - Appellant.

Carrie Capwell, Assistant United States Attorney, (and Barry R. Grissom, United States Attorney, on the brief), Kansas City, Kansas, for Plaintiff - Appellee.

---

Before **KELLY**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Defendant-Appellant Gary Sparks was convicted of witness tampering under 18 U.S.C. § 1512(b)(1) and sentenced to thirty-six months' imprisonment and two years of supervised release. On appeal, he argues that: (1) the evidence

was insufficient to support his conviction; and (2) the jury was not properly instructed on a possible affirmative defense under § 1512(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

Mr. Sparks' conviction for witness tampering arose out of a statement he made to his thirteen-year-old granddaughter, "H.L.," in advance of her expected testimony in a criminal proceeding against her mother (Mr. Sparks' daughter), Stacy Ashley. Ms. Ashley faced charges for, inter alia, distribution of a substance containing oxymorphone, with death resulting, under 21 U.S.C. § 841(b)(1)(C). Investigators met with H.L., who told them that she had witnessed Ms. Ashley trading pills with the deceased individual the night before he overdosed and died.

After discussing H.L.'s likely testimony with Ms. Ashley on two occasions, Mr. Sparks took H.L. to visit Ms. Ashley in jail on June 25, roughly three weeks before the expected trial date. After the visit, Mr. Sparks took H.L. to dinner. H.L. confided in Mr. Sparks that she had spoken with an investigator. According to H.L., Mr. Sparks told her "you should only lie about the important stuff." Aplt. App. 516.

Mr. Sparks has a very different account of what occurred. He stated that he merely told H.L. "that it's going to be all right" and reassured her of her faith. Id. at 579–80. He denied speaking with H.L. about her testimony or Ms. Ashley's

case, except to assure H.L. that "your mom . . . would have never done nothing to harm [the deceased] in any way."  Id. at 584–85.

Ultimately, H.L. was never called to testify against her mother, who pleaded guilty to the charges.  However, the government learned of the exchange between Mr. Sparks and H.L. and charged Mr. Sparks with witness tampering, which prohibits "corruptly persuad[ing]" another with the intent to "influence, delay, or prevent" his or her testimony in an official proceeding.  18 U.S.C. § 1512(b)(1).

The district court instructed the jury that, in order to find Mr. Sparks guilty under § 1512(b)(1), it had to find beyond a reasonable doubt that:

> First: the defendant corruptly persuaded or attempted to use corrupt persuasion against H.L.;
>
> Second: the defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of H.L. with respect to a federal criminal case, an official proceeding.

Aplt. App. 66.  It further instructed the jury that "[a]n act is done with 'corrupt persuasion' if it is done voluntarily and intentionally to bring about false or misleading testimony or to delay or prevent testimony with the hope or expectation of some benefit to oneself or another person."  Id.  Mr. Sparks did not object to any portion of the jury instructions, nor did he request that the jury be instructed on any potential affirmative defenses.  The jury returned a verdict of guilty, and Mr. Sparks timely appealed.

- 3 -

Mr. Sparks raises two points of error on appeal. First, Mr. Sparks argues that the government's evidence was insufficient to support his conviction, because his statement that "you should only lie about the important stuff," is insufficient to constitute "corruptly persuading" another under § 1512(b). Second, he argues that the district court committed plain error when it neglected to instruct the jury on § 1512(e), which provides an affirmative defense to witness tampering where a defendant's "conduct consisted solely of lawful conduct" and his "sole intention was to encourage, induce, or cause the other person to testify truthfully." We address these arguments in turn.

A.    The Evidence Was Sufficient to Support Mr. Sparks' Conviction

The district court denied Mr. Sparks' motions for judgment of acquittal, both after the government rested and after the defense rested. We review the denial of a motion for judgment of acquittal, and hence the sufficiency of the evidence to support the jury verdict, de novo. United States v. Vigil, 523 F.3d 1258, 1262 (10th Cir. 2008). We view the evidence in the light most favorable to the government to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. United States v. Hutchinson, 573 F.3d 1011, 1033 (10th Cir. 2009). We do not decide matters of credibility or reweigh the evidence. Id.

Section 1512(b) provides:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
> (1) influence, delay, or prevent the testimony of any person in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.

The evidence, in the light most favorable to the government, establishes that Mr. Sparks took his then-13-year-old granddaughter H.L. to visit her mother in jail roughly three weeks before the start of her mother's trial, at which H.L. was set to testify. H.L.'s mother faced serious charges and a significant term of imprisonment. Immediately after leaving the jail, Mr. Sparks took H.L. to dinner. When H.L. told Mr. Sparks that she had spoken with investigators, Mr. Sparks responded, "I heard . . . you should only lie about the important stuff."

Mr. Sparks contends that the evidence was insufficient to sustain his conviction because he did not "persuade" H.L. to take any action. He argues that a directive to lie alone cannot suffice to show he "persuaded" H.L., as persuasion requires "something more," such as "an act, a threat, a particular emotional appeal or an identifiable objective," or "urging, pleading, or convincing." Aplt. Br. 38. Mr. Sparks' position finds no support in our case law (or that of our sibling circuits) and is at odds with the plain meaning of "persuade." Further, his position ignores key facts of the government's case that unquestionably permit a rational juror to conclude that he attempted to "corruptly persuade" H.L.

The term "corruptly persuades" is undefined under § 1512(b). Although we

are told by Congress that "the term 'corruptly persuades' does not include conduct which would be misleading conduct but for a lack of a state of mind," 18 U.S.C. § 1515(a)(6), we are not told what conduct it does encompass. See United States v. Baldridge, 559 F.3d 1126, 1142 (10th Cir. 2009); see also United States v. Khatami, 280 F.3d 907, 911 (9th Cir. 2002) (describing § 1515(a)(6)'s guidance as "rather circuitous[]" and "unhelpful[]"). As Mr. Sparks notes, our cases addressing the scope of § 1512(b)'s "corruptly persuades" element have focused on whether the conduct was "corrupt" less so than whether it amounted to persuasion. We have stated, as the district court here instructed, that the "corruptly persuades" element "requires the government to prove a defendant's action was done voluntarily and intentionally to bring about false or misleading testimony or to prevent testimony with the hope or expectation of some benefit to the defendant or another person." Baldridge, 559 F.3d at 1143 (quoting United States v. Stroup, 291 F. App'x 868, 870 (10th Cir. 2008) (unpublished)); see also United States v. Weiss, 630 F.3d 1263, 1273 (10th Cir. 2010).

Although this court has not explicitly rejected Mr. Sparks' position, our cases make clear that a defendant's directive to a potential witness to lie to investigators or in court suffices to show he "persuaded" or "attempted to persuade" the witness under § 1512(b). In Weiss, the defendant, through his translator, asked three witnesses to lie to investigators about the source of down payments on loans that the defendant had illegally paid on their behalf. 630 F.3d

- 6 -

at 1274.  Despite the absence of any evidence of "an act, a threat, [or] particular emotional appeal" or repeated "urging, pleading, or convincing," Aplt. Br. 38, the court found the evidence sufficient to support the witness tampering convictions. Id.  Likewise, in Baldridge, the defendant, a county commissioner in Oklahoma, filed false claims for payment of contract work with the county and, upon learning that the FBI was investigating the claims, directed two contractors to lie about the nature of the work they had completed.  559 F.3d at 1132–33.[1]  Again, although the only persuasion was a directive to lie, the evidence was sufficient to support the defendant's convictions for witness tampering.  Id. at 1143.  Cases from our sibling circuits reaching similar conclusions abound.  See, e.g., United States v. Burns, 298 F.3d 523, 540 (6th Cir. 2002) (sufficient evidence of witness tampering where defendant told witness to falsely tell grand jury that defendant was not drug dealer and not witness' source of crack cocaine); Khatami, 280 F.3d at 913–15 (sufficient evidence of witness tampering where defendant told neighbors to lie to Social Security officers about nature of their relationship and compensation they paid defendant for childcare services); United States v. Pennington, 168 F.3d 1060, 1066 (8th Cir. 1999) (sufficient evidence of witness tampering where defendant told witness to lie about why defendant paid witness portion of fraud proceeds).

_____

[1]  Both Weiss and Baldridge involved convictions under § 1512(b)(3), rather than § 1512(b)(1), but both sections utilize the same "corruptly persuades" language set forth in § 1512(b).

- 7 -

Moreover, we are not empowered to add requirements—such as an act, a threat, an emotional appeal, or persistent pleading—to the term "persuade." Any such requirement would be inconsistent with the plain meaning of the term "persuade," which is "[t]o urge successfully to do something; to attract, induce, or entice to something or in a particular direction." Oxford English Dictionary Online, *available at* www.oed.com (last visited June 9, 2015); see Black's Law Dictionary (10th ed. 2014) ("[t]o induce (another) to do something; to make someone decide to do something, esp. by giving reasons"); Merriam-Webster's Dictionary, *available at* www.merriam-webster.com (last visited June 9, 2015) ("to cause (someone) to do something by asking, arguing, or giving reasons"); see also Khatami, 280 F.3d at 911 (defining to "persuade" as "to coax," "to plead with," or "to induce" (citations omitted)). While acts, threats, emotional appeals, or persistent pleading may make a directive more persuasive, we do not understand the word persuade to require any of them. Moreover, as 18 U.S.C. § 1512(b) may also be violated through "threaten[ing]" or "intimidation" of another, requiring a showing of a "threat" or "intimidation" to prove that a defendant "persuade[d]" another would render these preceding terms entirely superfluous. Cf. id. at 912 (citing Ratzlaf v. United States, 510 U.S. 135, 140–41 (1994)).

In light of this court's prior decisions and the meaning of the term "persuade" in the context of § 1512(b), the evidence was sufficient for a rational

juror to find that Mr. Sparks attempted to "corruptly persuade" H.L. Mr. Sparks repeatedly asserts that the only evidence supporting his conviction was "eight words alone"—his statement to H.L. that "you should only lie about the important stuff." Aplt. Br. 32, 40. We reject Mr. Sparks' invitation to view his words in a vacuum and instead consider the full context in which his statement was made. Mr. Sparks' directive to lie came not from a real estate broker to his client, Weiss, 630 F.3d at 1267–68, or a county commissioner to a contractor, Baldridge, 559 F.3d at 1132–33, but from a grandfather to his thirteen-year-old granddaughter. It came three weeks before H.L.'s scheduled testimony against her mother in a criminal case at which her mother would face a significant term of imprisonment. See 21 U.S.C. § 841(b)(1)(C). And, it came immediately after Mr. Sparks had brought H.L. to visit her mother in jail. A rational juror could conclude that Mr. Sparks did not merely tell a potential witness to lie; he leveraged his familial relationship with his granddaughter and her relationship with her mother in an attempt to induce her to testify falsely. This is plainly sufficient to allow a rational juror to find Mr. Sparks attempted to "corruptly persuade" H.L. under § 1512(b).

B.  The District Court Did Not Err in Failing to Instruct the Jury on § 1512(e)'s Affirmative Defense

Mr. Sparks next argues that the district court erred in failing to instruct the jury on 18 U.S.C. § 1512(e), which provides an affirmative defense to witness

tampering where a defendant establishes that his "conduct consisted solely of lawful conduct" and his "sole intention was to encourage, induce, or cause the other person to testify truthfully."

Mr. Sparks did not argue to the district court that the jury should be instructed on the affirmative defense set forth in § 1512(e). Thus, as the parties agree, we review only for plain error. United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998). "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011). Here, we need not advance beyond the first step of the plain error analysis, as we see no error in the district court's failure to instruct on the affirmative defense of § 1512(e).

Without question, a defendant is entitled to an instruction on a defense that is supported by the evidence and the law. United States v. Haney, 318 F.3d 1161, 1163 (10th Cir. 2003) (en banc). However, a defendant is not entitled to an instruction that "lacks a reasonable legal and factual basis." United States v. Al-Rekabi, 454 F.3d 1113, 1121 (10th Cir. 2006).[2] To qualify for an affirmative

_____

[2] Mr. Sparks argues that "[t]here can be no dispute that when a charging statute facially establishes, in plain language, an affirmative defense, that defense is recognizable as a matter of law." Aplt. Br. 22. He cites no authority for this proposition and does not explain how it overcomes our statement in Al-Rekabi that "[a] defendant is not entitled to an instruction which lacks a reasonable legal *and factual* basis." 454 F.3d at 1121 (emphasis added).

- 10 -

defense instruction, a defendant must point to evidence supporting each element of the affirmative defense.  Id. at 1122; see also United States v. Bailey, 444 U.S. 394, 415 (1980).  If the evidence is insufficient to prove any one element of an affirmative defense, instruction on the affirmative defense is unwarranted.  United States v. Portillo-Vega, 478 F.3d 1194, 1197–98 (10th Cir. 2007); United States v. Scott, 901 F.2d 871, 873 (10th Cir. 1990).  For the purpose of determining whether the evidence was sufficient to warrant a jury instruction, we accept the testimony most favorable to the defendant.  Al-Rekabi, 454 F.3d at 1121.

To establish the affirmative defense to witness tampering set forth in § 1512(e), Mr. Sparks would need to show, by a preponderance of the evidence, both (1) "that the conduct consisted solely of lawful conduct"; and (2) "that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully."  Viewing the evidence in the light most favorable to Mr. Sparks, he cannot show that his "sole intention was to encourage, induce, or cause [H.L.] to testify truthfully."

Even if the jury were to disbelieve H.L.'s account of the events and subscribe to Mr. Sparks', his account would not support a finding that he was encouraging H.L. to testify truthfully.  According to Mr. Sparks, he did not discuss H.L.'s testimony with her at all; he simply assured H.L. that "it's going to be all right," attempted to reassure her of her faith, and told her that her mother did not intend to harm the deceased.  None of these statements could reasonably

- 11 -

be construed as attempts to encourage H.L. to testify truthfully.

At oral argument, Mr. Sparks' counsel suggested that a reasonable juror could have believed H.L.'s testimony that the two were discussing H.L.'s impending testimony while also believing Mr. Sparks' testimony that he told H.L., in regards to this testimony, that "it's going to be all right." Oral Arg. at 9:20–10:18. But even if a juror did believe Mr. Sparks' assurances were given in regards to H.L.'s impending testimony or her mother's trial, they remain simply words of solace, not words aimed at inducing H.L. to testify truthfully.

Because Mr. Sparks has not presented sufficient evidence for a juror to conclude that his "sole intention" in speaking with H.L. was to "encourage, induce, or cause [H.L.] to testify truthfully," we conclude the district court did not err, let alone commit plain error, in failing to instruct the jury on the § 1512(e) affirmative defense to witness tampering.

AFFIRMED.