FILED
United States Court of Appeals
Tenth Circuit

January 3, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS ABEYTA,

    Defendant - Appellant.

No. 22-2010
(D.C. No. 1:19-CR-00401-TC-KK-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Thomas Abeyta appeals his rape conviction, contending the district court erred

in denying his request for a substance abuser jury instruction directed at the

testimony of his victim.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

A jury convicted Abeyta of violating 18 U.S.C. § 2241(a) and (b) by drugging

and raping his estranged wife.  The government's case relied in part on the wife's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

testimony.  But it also relied on physical evidence and testimony from medical professionals that corroborated her testimony.

Abeyta presented evidence his wife had used drugs at some point in the past. Abeyta's brother testified that she "has a reputation as a drug abuser," Suppl. R., vol. IV at 553, and that he had seen her "crush[]" and "snort[]" "meth," *id.* at 556.  He equivocated regarding the number of times he had seen her use drugs.  At one point he testified he had seen her use drugs "[p]robably more than ten" times.  *Id.*  But at another point he testified he couldn't "really say the number" of times he had seen her use.  *Id.* at 553.  And he could not recall when he had seen her use drugs, though he admitted at least some of her use "was quite a while back."  *Id.* at 556.

Abeyta did not present any evidence establishing that his wife was under the influence of drugs (other than the ones he injected her with) on the day he raped her or that she was addicted to drugs at the time of trial.

In his closing argument, Abeyta made much of his wife's prior drug use, asking the jury to "take . . . into consideration[] that she's a drug abuser," and arguing "[i]t affects how you should consider her testimony."  *Id.* at 613.  He also attacked her credibility on other grounds, noting her story in court differed from the story she had told authorities the day after the attack.

Abeyta requested the pattern drug-abuser instruction related to his wife's

testimony. *See* 10th Cir. Crim. Pattern Jury Instr. No. 1.16 (2021).[1] The district

court denied this request:

> I think that the submission of that drug abuser instruction would be potentially appropriate, but I'm going to decline to do so. It looks like I have pretty significant discretion as to whether or not to offer that, and I don't intend to include [the instruction]. . . .
>
> . . . .
>
> . . . I think the general [rule] is . . . whether or not the overall instructions provide an accurate portrayal of the law, and I think the absence of [the drug-abuser instruction] does not undermine the accuracy of the instructions.
>
> So I think just to avoid drawing unnecessary attention to that issue, I think I'm going to refrain from offering [the instruction].

Suppl. R., vol. IV at 561–62.

But the district court did give a general witness-credibility instruction and a

specific instruction to consider whether the wife had offered testimony inconsistent

---

[1] Criminal Pattern Jury Instruction number 1.16 states:

> The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.
>
> [Name of witness] may be considered to be an abuser of drugs.
>
> You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

10th Cir. Crim. Pattern Jury Instr. No. 1.16 (2021).

with statements she made prior to trial and the impact of any inconsistency on her

credibility.

Abeyta appeals the district court's election to withhold the drug-abuser

instruction.[2]

## II. Discussion

"This court reviews the jury instructions de novo in the context of the entire

trial to determine if they accurately state the governing law and provide the jury with

an accurate understanding of the relevant legal standards and factual issues in the

case." *United States v. Jean-Pierre*, 1 F.4th 836, 846 (10th Cir. 2021) (alterations

and internal quotation marks omitted).  But "we review the district court's refusal to

give requested instructions for abuse of discretion." *United States v. Cushing*,

10 F.4th 1055, 1073 (10th Cir. 2021) (alterations and internal quotation marks

omitted), *cert. denied*, 142 S. Ct. 813 (2022).  "As long as the charge [to the jury] as

a whole adequately states the law, the refusal to give a particular instruction is not an

abuse of discretion." *Zokari v. Gates*, 561 F.3d 1076, 1090 (10th Cir. 2009) (internal

quotation marks omitted).

"As a general rule, prudence dictates the giving of an addict instruction

whenever the prosecution has relied upon the testimony of a narcotics addict."

*United States v. Smith*, 692 F.2d 658, 661 (10th Cir. 1982).  But even in cases where

---

[2] Abeyta's counsel informed the court that Abeyta had not communicated with him regarding this appeal.  In the opening brief, Abeyta's counsel discusses other possible appeal points but concludes pressing them would be frivolous.  We confine our discussion to the one basis for reversal argued in the opening brief.

the witness is an addict, whether to give the drug abuser instruction depends "on the particular facts of each case." *United States v. Cook*, 949 F.2d 289, 294 (10th Cir. 1991); *see also Smith*, 692 F.2d at 661. Some of the circumstances we consider include whether (1) the drug abuse of the witness was revealed to the jury; (2) other evidence corroborated the drug abuser's testimony; and (3) the jury instructions apprised the jury of the need to carefully assess the drug abuser's credibility. *See Cook*, 949 F.2d at 294–95; *Smith*, 692 F.2d at 660–61.

The district court did not abuse its discretion by failing to give the addict instruction regarding the wife's testimony. As a threshold matter, the evidence did not establish the wife was a drug abuser at any relevant time. *See United States v. Sparks*, 791 F.3d 1188, 1193 (10th Cir. 2015) ("[A] defendant is not entitled to an instruction that lacks a reasonable legal and factual basis." (internal quotation marks omitted)). It instead only supported a finding she had used drugs a few times at some point in the past, which is not enough. *See, e.g.*, *United States v. Hoffman*, 957 F.2d 296, 299 (7th Cir. 1992) (denying abuser instruction where the evidence established witnesses "had at one point used cocaine and methamphetamine on a regular basis" but it did not establish they "were addicts at the time of trial").

Even if the evidence had shown the wife was an abuser at a relevant time, the facts of this case support the district court's election to omit the abuser instruction. The wife's drug abuse was revealed to the jury through Abeyta's brother's testimony and closing argument. The district court instructed the jurors to consider the wife's credibility in reaching its conclusion, while Abeyta reminded them that in their

5

evaluation of her credibility, they should consider her history of drug use. And other evidence in the record corroborated the wife's testimony. In this context, the district court did not abuse its discretion by "refrain[ing] from offering" the abuser instruction "to avoid drawing unnecessary attention to" the wife's prior drug use. Suppl. R., vol. IV at 562.

Having considered "the context of the entire trial," we conclude the instructions provided to the jury "accurately state[d] the governing law and provide[d] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *Jean-Pierre*, 1 F.4th at 846 (internal quotation marks omitted).

### III. Conclusion

We affirm Abeyta's conviction.

Entered for the Court

Carolyn B. McHugh
Circuit Judge