**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

ROBERT HANEY,

  Defendant-Appellant.

No. 00-1421

(D. Colorado)

(D.C. No. 98-CR-224-D)

**ORDER AND JUDGMENT** [*]

Before **HENRY,** Circuit Judge, **BRORBY** , Senior Circuit Judge, and **ROGERS** , Senior District Judge. [**]

  This appeal comes to us on remand from the en banc court. See United States v. Haney, 318 F.3d 1161 (10th Cir. 2003) (en banc). Robert Haney was convicted after a jury trial of possession of escape paraphernalia in prison (in violation of 18 U.S.C. § 1791(a)(2)), and he appealed his conviction and sentence to this court. In a prior opinion, this panel vacated his conviction on the grounds

---

[*]This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]The Honorable Richard D. Rogers, United States Senior District Judge for the District of Kansas, sitting by designation.

that the district court had erred in failing to instruct the jury on Mr. Haney's duress defense. See United States v. Haney, 287 F.3d 1266 (10th Cir. 2002). However, the en banc court concluded that Mr. Haney had not raised the duress defense as to the escape paraphernalia charge and that failure to so instruct the jury did not constitute plain error. See Haney, 318 F.3d at 1166-67. The en banc court therefore affirmed Mr. Haney's conviction and remanded the case to this panel for disposition of a sentencing issue—whether the district court erred in failing to grant him a reduction in offense level for acceptance of responsibility, pursuant to § 3E1.1 of the United States Sentencing Guidelines.[1]

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we conclude that the district court did not err in applying USSG § 3E1.1. We therefore affirm Mr. Haney's sentence.

## I. BACKGROUND

Because the underlying facts are set forth in the prior panel opinion, see Haney, 287 F.3d at 1267-69, we need not summarize them here. In addition to the facts set forth there, we note that at sentencing, Mr. Haney sought an acceptance-of-responsibility reduction pursuant to USSG § 3E1.1. The district court denied

---

[1] Because this panel had vacated Mr. Haney's conviction, we did not reach the sentencing issue in our initial opinion.

Mr. Haney the adjustment, referring to its denial of the same adjustment requested by Mr. Haney's co-defendant, Mr. Francis. The court stated that "[i]f the Court is unwilling to grant acceptance of responsibility for [Mr.] Francis, then I don't think I can do it for [Mr.] Haney, particularly since there really wasn't a duress defense or any defense that the Court allowed the jury to consider as to [Mr.] Haney." Rec., no. 00-1429, (United States v. Francis), vol XIX, at 23 (Tr. of Oct. 11, 2000 Sentencing Hr'g).

## II. DISCUSSION

Mr. Haney argues that the district court misapplied United States Sentencing Guideline § 3E1.1(a), which provides for a two-level decrease in offense level where the defendant "clearly demonstrates acceptance of responsibility." Mr. Haney maintains that the district court: (1) failed to realize that it maintained discretion to grant a § 3E1.1(a) reduction even though he had declined to plead guilty to the charge of possession of escape paraphernalia; and (2) erred in concluding that the circumstances of Mr. Haney's case did not warrant the two-level increase under § 3E1.1

Mr. Haney's first argument challenges the district court's legal interpretation of the Guidelines, and we therefore engage in de novo review. See United States v. Holbert, 285 F.3d 1257, 1259 (10th Cir. 2002). However, as to

-3-

his second argument, "[d]etermination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." United States v. Saffo, 227 F.3d 1260, 1271 (10th Cir. 2000) (internal quotation marks omitted). Moreover, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, [and] [f]or this reason the determination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1, cmt. n.5.

Section 3E1.1(a) directs the sentencing court to "decrease the offense level by two levels" if "the defendant clearly demonstrates acceptance of responsibility for his offense." Application Note 2 to § 3E1.1 explains:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1 cmt. n.2.

Here, Mr. Haney did put the government to its burden of proof by declining to plead guilty and proceeding to trial. However, as the Guideline Commentary makes clear, Mr. Haney remained eligible, at the discretion of the district court, for the § 3E1.1(a) reduction.

We conclude that the record adequately demonstrates the district court's awareness of this discretion. At the sentencing hearing, Mr. Haney's counsel read from the Commentary to § 3E1.1(a): "'Conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction.'" Rec., no. 00-1429, vol. XIX, at 19 (quoting U.S.S.G. § 3E1.1 cmt. n.2). The court clearly understood, itself reiterating: "'In rare situations, a defendant may clearly demonstrate acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.'" Id. at 22. The court specifically noted: "[T]his application [note, USSG. § 3E1.1 cmt. n.2] doesn't limit the availability of acceptance of responsibility to only someone who's challenging the constitutionality [of the statute charged]." Id. at 14-15. The district court proceeded to question counsel regarding application of the reduction, particularly inquiring as to pretrial statements and conduct. See, e.g., id. at 15-22. The district court concluded: "So I believe on this record that allowing acceptance of responsibility would be inconsistent with the spirit, purpose and intent of Section 3E1.1." Id. at 23-24. Accordingly, the record provides ample evidence that the

district court understood its discretion to grant the acceptance of responsibility adjustment if the circumstances warranted it.

As to the district court's factual finding that the downward adjustment was not warranted, Mr. Haney argues that he accepted responsibility by admitting to the collection of escape paraphernalia charge during his trial testimony. Although Mr. Haney's admission at trial is a factor that the district court could consider, we discern no clear error in the district court's conclusion that the downward adjustment was still not warranted. As noted above, in these circumstances "[a] determination that a defendant has accepted responsibility will be based primarily on pre-trial statements and conduct." USSG § 3E1.1 cmt.n.2. Mr. Haney points to no such pretrial statements and conduct evincing an acceptance of responsibility. See Rec. vol. XIX, at 20 (prosecutor's statement at sentencing noting the lack of acceptance of responsibility prior to trial). The record thus indicates that the district court weighed the appropriate factors and concluded in the proper exercise of the its discretion that Mr. Haney was not entitled to the acceptance of responsibility reduction. Cf. United States v. Garcia, 182 F.3d 1165, 1173 (10th Cir. 1999) (stating that the fact that raising an entrapment defense does not preclude application of the acceptance of responsibility adjustment "does not mean that the simple assertion of the entrapment defense coupled with acknowledgment of the underlying criminal activity automatically

entitles a defendant to a two-point acceptance of responsibility reduction"); United States v. Ivy, 83 F.3d 1266, 1294 (10th Cir. 1996) ("[B]oth U.S.S.G. § 3E1.1(a) and application note 2, make it clear a defendant is entitled to a reduction in offense level for acceptance of responsibility only if he clearly demonstrates acceptance of responsibility for his offense. It is disingenuous to maintain that an individual clearly demonstrates acceptance of responsibility by simply declining to controvert the government's evidence at trial. Instead, this language contemplates that the defendant will perform some affirmative act, rather than standing idly by while the government proves its case.") (internal quotation marks omitted); United States v. Portillo-Valenzuela, 20 F.3d 393, 394-95 (10th Cir. 1994) ("Pleading not guilty and requiring the government to prove guilt at trial demonstrate denial of responsibility, regardless of how easily the government can prove guilt.").

## CONCLUSION

For the reasons set forth above, we AFFIRM Mr. Haney's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge

-7-