**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRELL WEAVER,

     Petitioner - Appellant,

v.

CARL BEAR,

     Respondent - Appellee.

No. 17-6169
(D.C. No. 5:16-CV-01051-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Darrell Weaver, a state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which

the detention complained of arises out of process issued by a State court").

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Weaver is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

## I. BACKGROUND

In 2003, an Oklahoma state court jury convicted Mr. Weaver of two felony counts of first-degree rape. He was sentenced to two consecutive 50-year terms of imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on March 29, 2004. On May 18, 2015—more than 11 years later—Mr. Weaver filed a petition for post-conviction relief in Oklahoma state trial court. The trial court dismissed his petition on June 1, 2015. He appealed to the OCCA, which remanded to the trial court for entry of an order setting forth findings of fact and conclusions of law as required by state law. Following remand, the trial court held an evidentiary hearing and issued a new order denying his application for post-conviction relief. The OCCA affirmed on October 19, 2015.

On September 9, 2016, Mr. Weaver filed an application for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The federal district court ruled on June 28, 2017, that Mr. Weaver failed to demonstrate he was entitled to equitable tolling based on actual innocence and dismissed his application as time-barred. *Weaver v. Bear*, No. CIV-16-1051-R, 2017 WL 2799305, at *2 (W.D. Okla. June 28, 2017); *see* 28 U.S.C. § 2244(d)(1). The district court denied Mr. Weaver's request for a COA. It entered judgment by separate order that same day. Mr. Weaver filed a timely appeal on July 18, 2017. *See* Fed. R.

App. P. 4(a)(1)(A); *see also Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (applying Federal Rule of Appellate Procedure 4(a) to a § 2254 appeal).

## II. DISCUSSION

### A. *Legal Background*

#### 1. Certificate of Appealability

A COA is a jurisdictional prerequisite to this court's review of a § 2254 application. 28 U.S.C. § 2253(c)(1)(A); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Weaver's habeas application on procedural grounds, he must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485. The second component—the procedural issue—is frequently the easier one to resolve. *See id*.

#### 2. Habeas Claims—Statute of Limitations and Actual Innocence Exception

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period to file applications for habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitation period

3

typically begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "Under [§ 2244(d)(1)(A)], a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (quotations omitted).

"[I]n rare and exceptional circumstances" equitable factors permit the tolling of AEDPA's one-year statute of limitations. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). Mr. Weaver can avoid the time bar only if he can show (1) that he is actually innocent, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), or (2) that he has diligently pursued a judicial remedy but extraordinary circumstances beyond his control prevented him from meeting the deadlines, *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Only the first exception is at issue here.

Actual innocence serves more as an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin*, 133 S. Ct. at 1931 (citing *Rivas v. Fischer*, 687 F.3d 514, 547 n.42 (2nd Cir. 2012) (distinguishing from "equitable tolling" a plea to override the statute of limitations when actual innocence is shown)). In other words, a defendant who makes a "credible showing of actual innocence" may pursue a § 2254 application even if the statute of limitations has expired. *Id*. at 1935. Prisoners who challenge their state court convictions and "assert convincing

4

actual-innocence claims" need not prove they have diligently pursued a judicial remedy to have their claims heard in federal court, although "timing [is] a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id.*

For the actual innocence exception to apply, Mr. Weaver must "support his allegations of constitutional error with *new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.*" *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). He must also show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S. Ct. at 1935 (quotations omitted).

## B. *Analysis*

Mr. Weaver filed his § 2254 application long after AEDPA's one-year statute of limitations had expired. His conviction became final on June 27, 2004, when the 90-day time period for filing a certiorari petition with the United States Supreme Court expired. *See Locke*, 237 F.3d at 1273. Because that period expired on a Sunday, Mr. Weaver had until Monday, June 28, 2004, to file a timely certiorari petition. *See* Sup. Ct. R. 30.1. He did not file such a petition, so the statute of limitations started to run the next day—June 29, 2004. *See Harris v. Dinwiddie*, 642 F.3d 902, 906, n.6 (10th Cir. 2011) ("The statute [of limitations] d[oes] not start to run until . . . the day following the certiorari window."). Mr. Weaver had up to and including June 29, 2005, in which to file his § 2254 application. *See* 28 U.S.C. § 2244(d)(1)(A); *Harris*, 642 F.3d at 906, n.6. He did not file a § 2254 application until September 9, 2016—over 11 years after the

5

statute of limitations expired.  Absent equitable tolling or another exception to AEDPA's one-year time limit, his action is time-barred.

Mr. Weaver maintains his actual innocence.  *See* Aplt. Br. at 3.  Recognizing that he proceeds pro se, we construe this claim as an argument that he can avoid the time bar because he is entitled to equitable tolling on the basis of actual innocence.  *See McQuiggin*, 133 S. Ct. at 1931 (permitting habeas applicants to overcome AEDPA's one-year statute of limitations by demonstrating actual innocence).  This argument is unavailing.

The evidence Mr. Weaver provided the district court in support of his actual innocence claim was neither new nor reliable.  *See Schlup*, 513 U.S. at 324.  He proffered a letter from an unidentified individual that alleged Mr. Weaver's rape victim—his stepdaughter—tried to tell authorities Mr. Weaver was innocent.  The letter suggests that police might not have accepted the victim's recantation because "too much time had passed [and] she should have told them the truth to begin with."  *Weaver*, 2017 WL 2799305, at *2 (quoting Dist. Ct. Doc. 11, Ex. 3, at 7).  It is unclear when the letter was written or when Mr. Weaver received it.

Without identifying the author, much less providing a "trustworthy eyewitness account" of events, *see Schlup*, 513 U.S. at 324, the letter is insufficient to demonstrate that Mr. Weaver is factually innocent of the felony crimes for which he was convicted.  Further, as the district court correctly noted, Mr. Weaver's 11-year delay in filing his § 2254 application presents the "precise type of 'unexplained delay in presenting new

6

evidence' that militates against finding that Mr. Weaver has shown his actual innocence." *Weaver*, 2017 WL 2799305, at \*2 (quoting *McQuiggin*, 133 S. Ct. at 1935).

Other evidence Mr. Weaver provided to the district court similarly fails to warrant application of the actual innocence exception. He presented documentation of disciplinary action against his trial counsel, which does not address his actual innocence. He also provided a 2002 medical examination of the victim, which was presented at trial and thus is not "new" evidence. *See McQuiggin*, 133 S. Ct. at 1935.

In sum, the evidence Mr. Weaver presented to the district court in support of his actual innocence is neither new nor reliable. It therefore does not provide a basis for Mr. Weaver's claim of actual innocence in his § 2254 application.[2]

## III.  **CONCLUSION**

Mr. Weaver has failed to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that his § 2254

---

[2] Nor can Mr. Weaver avoid AEDPA's one-year statute of limitations based on statutory tolling. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." In other words, a habeas applicant is entitled to statutory tolling of the deadline while pursuing state post-conviction relief. But Mr. Weaver did not seek post-conviction relief in state court until May 18, 2015—almost ten years after AEDPA's deadline expired on June 29, 2005—and thus statutory tolling does not save his application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Collins v. Bear*, No. 16-6339, 2017 WL 2683990, at \*3 (10th Cir. 2017) (unpublished).

application is time-barred and not subject to equitable tolling.  *See Slack*, 529 U.S. at 484.

We therefore deny his request for a COA and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

8